IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| QUANTELDRICK N. AMOS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 1:12-0169 |
| JASON DARK, CPD, | ) ) | CHIEF JUDGE HAYNES |
| Defendants. | ) ) | |

## **MEMORANDUM**

Plaintiff, Quanteldrick Amos, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendant Jason Dark and his application to proceed *in forma pauperis*. After review, Plaintiff's application to proceed *in forma pauperis* should be granted due to his lack of sufficient funds to pay the filing fee. Yet, for the reason set forth below, the Court must assess the legal sufficiency of his complaint.

According to his complaint, Plaintiff alleges that Jason Dark, a police officer with the Columbia Police Department violated Plaintiff's Fifth Amendment rights by "trying to try [Plaintiff] twice for a crime that [he has] already served time on." (Docket Entry No. 1, at 5.) Attached to his complaint is a copy of an indictment that charges Plaintiff with one count of unlawful possession of cocaine, with intent to sell, and with one count of unlawfully selling cocaine within one thousand feet of the real property that comprises a recreational center or park, in violation of Tenn. Code Ann. § 39-17-432. This indictment that is signed by the District Attorney and by the Grand Jury foreperson, shows that the only witness called to testify before the Grand Jury was Jason Dark, the Defendant. Plaintiff also filed a letter with the Court that his

claim against Officer Dark is based upon his allegedly presenting false testimony about Plaintiff to the Grand Jury and "harassing" Plaintiff by bringing a charge in the indictment that had previously been dismissed.

Plaintiff seeks $160,000 in damages against Defendant for "harassment/violation of Constitutional rights," lost wages, defamation, pain and suffering, and unlawful use of authority. (Docket Entry No. 1, at 5.)

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief against a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), and requires dismissal of any such complaint that "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b)(2).

"It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) (citing *Briscoe v. LaHue*, 460 U.S. 325, 330–31 (1983)); *see also Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 442 (6th Cir. 2006) ("[A]bsolute witness immunity applies to witness testimony before a grand jury."). Such immunity applies "no matter how egregious or perjurious that testimony was alleged to have been." *Spurlock*, 167 F.3d at 1001.

Based upon Plaintiff's allegations and attached documents, Plaintiff's claims against Dark are based upon the Defendant's allegedly false and malicious testimony about Plaintiff before the Grand Jury. Under *Spurlock* and *Todd, supra*, Defendant Dark is immune from

damages based on those allegations.

Accordingly, the Court concludes that Plaintiff's claims must be dismissed for failure to state a claim.

An appropriate Order is filed herewith.

**ENTERED** this the 26th day of November, 2012.

WILLIAM J. HAYNES, JR.
Chief United States District Judge